IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELALANDA LAND, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:18-CV-00704- |
| | § | |
| UNIFIED CARE GROUP, LLC, JULIE | § | |
| KELLEY, KIMBERLY WILLIAMS, BRENDA | § | |
| MANSHACK, CYNTHIA DAVIS, in their | § | |
| Official and Individual Capacity | § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendants, DAYBREAK VENTURE, LLC, DAYBREAK PARTNERS, LLC, DAYBREAK HEALTHCARE, LP, DAY BREAK THERAPY, LLC, HEA MANAGEMENT GROUP, INC., COLD SPRINGS HOLDINGS, LLC, CANYON RIVER HOLDINGS, LLC DENTON RIVER HOLDINGS, LLC, SEVEN FALLS HOLDINGS, and RED PINE HOLDINGS[1] (collectively, "*these Defendants*"), and file this Motion To Dismiss Plaintiff's Original Complaint and Brief in Support pursuant to Federal Rules of Civil Procedure 12(b)(5), and 12(b)(6) and shows the Court:

### I. INTRODUCTION AND BACKGROUND

Plaintiff filed this lawsuit *pro se* on February 28, 2018. Some of these Defendants were served on June 6, 2018, June 7, 2018 and June 21, 2018; some of these Defendants have not yet been served.

---

[1] Each of these Defendants are not included in the caption of Plaintiff's Original Complaint and are not discussed in the Complaint, except that they are listed in Paragraphs 7-16.

Plaintiff appears to assert claims arising out of her employment at Unified Care Group, LLC. All of the factual allegations contained within Plaintiff's Complaint relate to her employment with Unified Care Group, LLC. Plaintiff asserts claims for: (1) violation of the Civil Rights Act of 1964, generally; (2) age discrimination in violation of the Age Discrimination in Employment Act ("***ADEA***"); (3) violation of the Americans with Disabilities Act ("***ADA***"); (4) religious discrimination; (5) violation of the Family and Medical Leave Act ("***FMLA***"); (6) "intentional employment tort: (7) "false allegations of neglect"; (8) unlawful termination; and (9) violation of Section 215(a)(3) of the Fair Labor Standards Act ("***FLSA***"). Plaintiff does not specifically mention these Defendants in the body of her Complaint (or the caption) except that these Defendants are listed with their alleged addresses under "The Parties" section of the Complaint.

Assuming *arguendo* that Plaintiff is in fact asserting the above-listed claims against these Defendants, these Defendants file this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## II.    ARGUMENT AND AUTHORITIES

### A.    Standard of Review

#### (1)    Standard of Review - 12(b)(5)

Rule 12(b)(5) allows dismissal if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner. Fed. R. Civ. P. 12(b)(5). A district court has broad discretion to dismiss an action for ineffective service of process and courts of appeals review such a decision only for abuse of discretion. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 635 (5th Cir. 1994).

**(2)    Standard of Review - 12(b)(6)**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." *See* FED. R. CIV. P. 12(b)(6).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. 544, 570 (1955). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 558).

**B.    The Complaint Should Be Dismissed Because Plaintiff Did Not Serve Defendants Within the Time Period Provided by Federal Rule of Civil Procedure 4(m).**

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal if service is not effectuated in accordance with Rule 4; Rule 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When the time to effect service has expired, the party attempting late service has the burden of demonstrating "good cause" for failure to serve the opposing party. *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir.1985).

Plaintiff filed this lawsuit on February 28, 2018. *See* Pl's Orig. Compl., Doc. No. 1. Pursuant to Rule 4(m), then, Plaintiff had until May 29, 2018 to serve these Defendants. These Defendants were served as follows:

- Denton River Holdings, LLC – served June 6, 2018

- Canyon River Holdings, LLC – served June 7, 2018

- Daybreak Venture, LLC – served June 21, 2018

- Daybreak Therapy, LLC– served June 21, 2018

- Daybreak Partners, LLC– served June 21, 2018

- Daybreak Healthcare – not yet served

- HEA Management Group, Inc. – not yet served

- Cold Springs Holdings, LLC – not yet served

- Seven Falls Holding – not yet served

- Red Pine Holdings – not yet served

*See* Doc. Nos. 13 and 14. As such, these Defendants were not served in a timely manner in accordance with Rule 4(m). Dismissal is appropriate under Rule 12(b)(5).

   **C.**  **The Complaint Should be Dismissed Pursuant to Rule 12(b)(6).**

Plaintiff asserts claims for: (1) age discrimination in violation of the ADEA; (2) violation of the ADA; (3) religious discrimination; (4) violation of the FMLA; (5) "intentional employment tort: (6) "false allegations of neglect"; (7) unlawful termination; and (8) violation of the FLSA retaliation provision. Each of these claims should be dismissed under Rule 12(b)(6).

   **(1)**  **Plaintiff Fails to State a Claim For Violation of the Civil Rights Act of 1964, Violation of the ADEA, Violation of the ADA, Religious Discrimination, Violation of the FMLA, Unlawful Termination, and Violation of the FLSA Because These Defendants Did Not Employ Plaintiff.**

Plaintiff attempts to assert a general claim under the Civil Rights Act of 1964 and a general claim for "unlawful termination." No such claims exist as a matter of law. The United States Code section cited by Plaintiff, 42 U.S.C. §§ 2000e to 2000e-17, makes it

unlawful for *an employer* to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2 (a)(1). As such, an employee-employer relationship is a vital component of a claim under 42 U.S.C. § 2000e-2.

Similarly, claims brought pursuant to the ADEA, ADA, Title VII (religious discrimination), FMLA, and FLSA each require a showing that an employer-employee relationship existed between the defendant and the plaintiff. *See* 29 U.S.C. § 623 (ADEA- "It shall be unlawful for an *employer* to…discriminate against any individual…because of such individual's age."); 42 U.S.C. § 12112(a)(ADA – prohibits discrimination against an *employee* on basis of physical or mental disability and requires *employer* to make reasonable accommodations); *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 273 (5th Cir. 2000)(Title VII –"To establish a prima facie case of religious discrimination, Plaintiff must establish that she had a bona fide religious belief that conflicted with an *employment* requirement, that she informed the *employer* of her belief, and that she was discharged for failing to comply with the conflicting *employment* requirement"); 29 U.S.C. § 2615 (FMLA – "It shall be unlawful for any *employer* to interfere with, restrain, or deny the exercise of…any right provided [by the FMLA]"); 29 U.S.C. § 215 (a)(3)(FLSA -Makes is unlawful to discharge or in any other manner discriminate against any *employee* because such employee has filed any complaint).

As a matter of law, an employee-employer relationship did not exist between Plaintiff and these Defendants. Plaintiff has not alleged any facts, whatsoever, that indicate that these Defendants employed Plaintiff at any point in time. To the contrary, Plaintiff admits that she was employed by Unified Care Group, LLC. Pl's Orig. Comp. ¶ 21. As such, Plaintiff cannot state a

plausible claim for age discrimination in violation of the ADEA; violation of the ADA; religious discrimination; violation of the FMLA; unlawful termination; or violation of the FLSA against these Defendants. Plaintiff's claims must be dismissed pursuant to Rule 12(b)(6).

### (2) Plaintiff Fails to State a Claim for "Intentional Employment Tort."

Plaintiff cites to 28 U.S.C. §§ 1346 (b) and 2674 (b) as the basis for her "Intentional Employment Tort" claim. However, no such claim exists as a matter of law. Indeed, the statutes Plaintiff attempts to cite do not create such a claim. Instead, 28 U.S.C. § 1346 (b) concerns the United States as a defendant. Similarly, 28 U.S.C. § 2674 (b) concerns the liability of the United States. These Defendants are clearly not the United States and, thus, a cause of action against them pursuant to Sections 1346(b) and 2674(b) does not exist against them.

Plaintiff cannot demonstrate that "Intentional Employment Tort" is a viable claim against these Defendants as a matter of law; her cause of action must be dismissed.

### (3) Plaintiff Fails to State a Claim for "False Allegations of Neglect."

Plaintiff cites 42 U.S.C. § 12101 in support of her claim for "false allegations of neglect." This statute is a section of the ADA. As discussed above, Plaintiff's ADA claim must be dismissed. Plaintiff does not have a viable cause of action for "false allegations of neglect" against these Defendants as a matter of law; her cause of action must be dismissed.

### III. PRAYER

Plaintiff's claims against these Defendants should be dismissed because: (1) Plaintiff failed to timely serve these Defendants in accordance with Rule 4; and (2) Plaintiff fails to state a claim against these Defendants upon which relief can be granted. These Defendants request that

Plaintiff's claims against them be dismissed with prejudice. These Defendants pray for general relief.

Respectfully submitted,

/s/ Stephane James
Stephanie J. James
State Bar No. 24085425
Stephanie.James@uwlaw.com
Charles A. Mallard
State Bar No. 00791165
Chuck.Mallard@uwlaw.com
UNDERWOOD LAW FIRM, P. C.
500 S. Taylor, Suite 1200
Amarillo, Texas 79101
(806) 376-5613
FAX (806) 379-0316

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2018, a true and correct copy of the foregoing instrument was sent via first class mail and certified mail, return receipt requested to the following:

>Elalanda Land
>6500 Dunlap
>Houston, Texas 77074
>
>*Pro Se*

And by e-filing on the following:

>Barry A. Moscowitz
>bmoscowitz@thompsoncoe.com
>Leslie Wong Richardson
>lwrichardson@thompsoncoe.com
>700 North Pearl Street, Suite 2500
>Dallas, Texas 75201
>
>*Counsel for Unified Care Group, Kimberly Williams, Brenda Manshack, and Cynthia Davis*

>>/s/ Stephanie James_____
>>Stephanie James